**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**RICHARD A. NEWTON,**

**Plaintiff,**

**v.** **Civil Action No. 3:20cv194**

**D.A. BOWLER, *et al.*,**

**Defendants.**

**MEMORANDUM OPINION**

Richard A. Newton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The Court construes Newton to raise the following claims for relief: [2]

Claim One: Defendant Bowler used excessive force against Newton in violation of the Eighth Amendment.[3] (ECF No. 1, at 4.)

Claim Two: Defendant Wilson failed to intervene to prevent Defendant Bowler's use of excessive force. (*Id.* at 6.)

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Newton's Complaint contains only a narrative statement of his claim. The Court and the Defendants have attempted to delineate these claims in the most generous manner to Newton. By Memorandum Order entered on August 25, 2020, the Court previously dismissed Newton's Fourteenth Amendment claim as legally insufficient and frivolous. (ECF No. 16, at 1.)

The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

Claim Three: Defendant Bowler committed "assault and battery under state law." (*Id.*)

By Memorandum Order entered on May 5, 2021, the Court denied without prejudice the Defendants' Motion for Summary Judgment in which they argued that Newton failed to exhaust his administrative remedies. (ECF No. 36.) "[B]ecause it appear[ed] that Newton's lack of exhaustion [might] be a meritorious defense," the Court directed Defendants to file a new motion for summary judgment that adequately addressed exhaustion. (*Id.* at 2–3.)

The matter is before the Court on the Renewed Motion for Summary Judgment filed by Defendants. (ECF No. 40.) Newton has filed a response to the Motion for Summary Judgment. (ECF No. 43.) For the reasons stated below, the Motion for Summary Judgment will be GRANTED because Newton failed to exhaust his administrative remedies.

## I. Summary Judgment Standard

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). "A fact is material if the existence or non-existence thereof could lead a jury to different resolutions of the case." *Thomas v. FTS USA, LLC*, No. 3:13cv825, 2016 WL3653878, *4 (E.D. Va. June 30, 2016) (citing *Liberty Lobby*, 477 U.S. at 248). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues for trial. *Celotex Corp.*, 477 U.S. at 322–24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Liberty Lobby,* 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled 'to have the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp.*, 477 U.S. at 323–24). The ultimate inquiry in examining a motion for summary judgment is whether there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (citations omitted).

Defendants argue that Newton failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In support of their Renewed Motion for Summary Judgment, Defendants submit: (1) a Supplemental Affidavit from A. Jackson, a Human Rights Advocate at the Nottoway Correctional Center ("NCC") ("Jackson Affidavit," ECF No. 41-1, at 1–8); (2) a copy of Operating Procedure 866.1, Offender Grievance Procedure (ECF No. 41-1, at 9–22); and, (3) copies of Newton's grievance materials (*id.* at 23–28).

At this stage, the Court is tasked with assessing whether Newton "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324.

Although Newton filed a Response (ECF No. 43), it is not sworn to under penalty of perjury, and therefore, it fails to constitute admissible evidence.[4] Newton's failure to present any evidence, permits the Court to rely solely on the evidence submitted by Defendants in deciding the Motion for Summary Judgment. *See Forsyth*, 19 F.3d at 1537; Fed. R. Civ. P. 56(c)(3) ("The Court need only consider the cited materials . . . .").

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Newton.

---

[4] The Court previously warned Newton:

> [T]he Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law that is sworn to under penalty of perjury. Rather, any verified allegations must be set forth in a separate document titled "Affidavit" or "Sworn Statement," and reflect that the sworn statements of fact are made on personal knowledge and that the affiant is competent to testify on the matters stated therein. *See* Fed. R. Civ. P. 56(c)(4).

(ECF No. 16, at 2.) Accompanying the Renewed Motion for Summary Judgment was also a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) that again provided Newton with a similar warning about the manner in which he filed any response. (ECF No. 42, at 1.) Newton failed to comply with these directives. Instead he filed only a memorandum of law, and even it is not sworn to under penalty of perjury. Moreover, Newton submitted an unsworn Complaint. Because Newton failed to swear to the contents of his Complaint under penalty of perjury, the Complaint too fails to constitute admissible evidence. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

## II. Relevant Facts

### A. Grievance Procedure at the Virginia Department of Corrections ("VDOC")

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (Jackson Aff. ¶ 4.) Offenders receive an orientation to the grievance procedure system when they arrive at a VDOC facility. (Operating Procedure § 866.1.IV.A.4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (*Id.* § 866.1.V.A.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.A.1–2.) Inmates must "provide specific information and details when submitting a complaint by providing dates, times, names of staff, and details about what occurred . . . . so that staff can attempt to resolve the complaint." (Jackson Aff. ¶ 7.) "[I]f an inmate files a complaint against staff, but doesn't provide the names of staff against whom he has filed a complaint, that does not give the facility the opportunity to talk to whoever was involved . . . ." (*Id.*) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

The regular grievance form asks the offender to specifically identify the "Individuals Involved in [the] Incident," amongst other details. (*See* ECF No. 41-1, at 27.) "The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint or other documentation

demonstrating his or her attempt to informally resolve the issue. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.3.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

**1. <u>Grievance Intake Procedure</u>**

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.) The Regional Ombudsman may: (1) uphold the intake decision; (2) return the intake decision to the offender because it exceeds the five day time limit for review; or, (3) determine that the grievance meets the criteria for intake and return it to the Warden for logging. (Jackson Aff. ¶ 28.) The Regional Ombudsman's decision on the intake appeal is final. (*Id.*) "If a Regular Grievance does not meet the criteria for acceptance and [if] review by the Regional Ombudsman does not result in intake into the grievance process, the issue must be resubmitted in accordance with the criteria for acceptance." (Operating Procedure

§ 866.1.IV.O.) Moreover, "[t]he exhaustion of remedies requirement will be met only when the Regular Grievance has been accepted into the grievance process and appealed through the highest eligible level without satisfactory resolution of the issue." (*Id.*)

**2. Grievance Appeals**

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

"Grievances must be appealed through all available levels of review to satisfy the requirement of exhaustion . . . ." (Jackson Aff. ¶ 6.)

**B. Facts Pertaining to Newton's Exhaustion of Administrative Remedies**

On July 17, 2019, Newton filed an informal complaint related to an incident that occurred on July 16, 2019, stating in sum: "I want to file formal charges of assault and battery by an officer per the incident that occurred on 7-16-19 . . . against Sgt. Bowler." (ECF No. 41-1, at 23.) A prison official responded on July 26, 2019, stating: "Mr. Newton, I sent you criminal complaint forms on 7-26-19." (*Id.*)

On July 31, 2019, Newton submitted three informal complaints. In the first, he stated: "This is my complaint for the institution that I was assaulted and battered by Sgt. Bowler. This in violation of my rights." (*Id.* at 24.) On August 2, 2019, prison officials responded to Newton

that "the[re] is no evidence to support your allegation." (*Id.*) In the second informal complaint Newton alleged: "Sgt. Bowler wrote me a bogus charge of aggravated assault to cover up his assault of me, causing me to be in the hole (N205) for approx. 10 days. I was found not guilty due to staff witnesses and video surveillance. This in violation of my rights!" (*Id.* at 25.) On August 5, 2019, a prison official responded: "You were placed in Restrictive Housing until your Aggravated Assault (105) was heard [and] disposition rendered." (*Id.*) Finally, in the third informal complaint, Newton stated: "This complaint is for the excessive use of force which I suffered from Sgt. Bowler. This in violation of my rights." (*Id.* at 26.) A prison official responded, noting that Newton's informal complaint was "repetitive." (*Id.*) Filing informal complaints does not satisfy the exhaustion requirement. (Jackson Aff. ¶ 16.)

Newton filed one regular grievance, on August 1, 2019, with respect to the incident on July 16, 2019. Specifically, Newton identified only "Bowler," on the regular grievance form where it asked him to set forth the "Individuals Involved in Incident." (ECF No. 41-1, at 27.) Newton wrote:

> Bowler used excessive force on me while I was handcuffed and helpless. It has been determined by the Hearings Officer Witcher that I was at all time in compliance and Bowler's actions were unnecessary and caused two black eyes. Video captured this assault and there are photographs. . . . I will be seeking damages and Bowler should face disciplinary action.

(*Id.*) In response, prison officials noted that the regular grievance was rejected because Newton had "not used the informal process to *resolve* [his] complaint." (*Id.* at 28.) Pursuant to Operating Procedure § 866.1.VI.A.2.a., Newton was required to attach documentation to his regular grievance to show that he attempted to informally resolve the issue. (Jackson Aff. ¶ 26.)[5]

[5] The face of the regular grievance form also instructs inmates that they must attach the informal complaint response or other documentation of an attempt to resolve the issue informally. (*See* ECF No. 41-1, at 27.)

Here, Newton was required "to attach his informal complaint when he submitted his regular grievance. He did not do this. As a result, [grievance officials] did not assign a log number to the grievance and returned it to Newton and notified him of the reason the regular grievance was rejected." (*Id.*) The filing of a regular grievance that does not meet intake requirements and is not processed or assigned a log number does not satisfy the exhaustion requirement. (*Id.* ¶ 31.)

"If Newton believed the rejection of regular grievance was in error, he had the opportunity to appeal the intake decision by submitting it to the Regional Ombudsman." (*Id.* ¶ 29.) However, simply appealing the intake decision does not satisfy the exhaustion requirement. (Operating Procedure § 866.1.IV.O.) Based on the grievance records, "Newton did not request a review of the intake decision regarding his rejected regular grievance." (Jackson Aff. ¶ 30.)

None of the informal complaints or the regular grievance mentions Defendant Wilson's involvement in the July 16, 2019 incident. Therefore, Newton did not attempt to use the grievance process to resolve any complaints about Defendant Wilson.

## III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to

court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The record establishes that Newton failed to exhaust his administrative remedies. Newton failed to file any grievance material that mentioned Defendant Wilson's involvement in the events of July 16, 2019 incident. Therefore, Newton did not attempt to use the grievance process to resolve his complaints about Defendant Wilson. Thus, Newton failed to exhaust his administrative remedies with respect to Claim Two. Accordingly, Claim Two will be DISMISSED WITHOUT PREJUDICE.

With respect to Claims One and Three, although Newton filed a regular grievance, it was rejected because he failed to attach his informal complaints that demonstrated that he attempted to resolve the issue informally. Newton did not resubmit his regular grievance with an informal complaint attached. Newton also did not request review of the intake decision by the Regional Omsbudsman.[6] Neither Newton's informal complaints, nor his informal grievance rejected on

[6] In a Response to the original Motion for Summary Judgment, Newton vaguely suggested that at the time he filed his grievance he was held in a "transition pod," that he "had to rely on staff for depositing mail in the correct box[,] and [that he] never received any response back from the regional ombudsman after trying to appeal." (ECF No. 28, at 2.) As previously discussed, the contents of Newton's Response fail to constitute admissible evidence. Thus, Newton fails to provide admissible evidence that he submitted an appeal. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (citation omitted) (internal quotation marks

intake, satisfy the exhaustion requirement. Newton failed to comply with the VDOC's procedural rules and thus, his complaint could not be addressed on its merits as is required for proper exhaustion. *Woodford*, 548 U.S. at 90 (emphasis in original) (explaining that an inmate must use administrative remedies "*properly* (so that the agency addresses the issues on the merits)."). Newton has failed to exhaust his administrative remedies with respect to Claims One and Three. Accordingly, Claims One and Three will be DISMISSED WITHOUT PREJUDICE. *See Duncan v. Clarke*, No. 3:12cv482, 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (explaining that "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).

---

omitted) (concluding that "[a]iry generalities [and] conclusory assertions . . . [do] not suffice to stave off summary judgment . . ."). However, even considering this allegation, Newton's alleged attempt to appeal the rejection of the intake decision fails to satisfy the exhaustion requirement. (Jackson Aff. ¶ 29; Operating Procedure § 866.1.IV.O.)

In his unsworn response to the Renewed Motion for Summary Judgment, Newton, in his conclusion, states: "petitioner will swear under oath and produce records showing he placed grievance in the institutional mailing system on August 9, 2019." (ECF No. 43, at 4.) Newton was required to respond to the Renewed Motion for Summary Judgment with evidence that supports his arguments, and he did not. Moreover, Newton fails to explain why placing a grievance in the institutional mailing system standing alone would exhaust his administrative remedies.

## IV. Conclusion

For the reasons stated above, the Motion for Summary Judgment (ECF No. 40) will be GRANTED. Newton's claims will be DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: 12-16-21
Richmond, Virginia